MATT O'DOHERTY *v.* M. L. LEWIS ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—621.]

**Marshal's Sale Set Aside.**

Where it is shown that property sold by the marshal of the city of Louisville brought only about half its value, and the marshal

failed to advertise the sale by posting an advertisement on the premises, the sale will be set aside.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

### January 20, 1883.

OPINION BY JUDGE HARGIS:

The evidence shows that the appellant's bid, while so far as he is concerned was fair, was not over half the value of the property, and the marshal failed to advertise the sale by posting an advertisement on the premises. This fact alone, coupled with such great inadequacy of price, would have been sufficient to set aside the sale, as in a city like Louisville the most important part of the advertising was omitted. For when a house or tenement is conspicuously advertised by posting on it the advertisement, it seems that it would attract more particular attention in a city than the general mode, and when the decree requires such posting its omission will be sufficient to set aside a sale, especially where the property did not bring even half its value.

Civil Code (1876) § 773, does not apply to this case, as it was pending when the new code took effect (see § 837), and is subject to the laws in force before that event; hence the lien for taxes ought to have been disposed of by bringing the city before the court and ascertaining judicially the amount due.

Wherefore the judgmnt is *affirmed*.

*Harlan & Wilson, for appellant.*

*Rodman & Brown, for appellees.*